UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEMAR BEY, IYANGA BEY, and SHA'RAJAH BEY, <br><br> Plaintiffs, <br><br> v. <br><br> SEAN T. CROWLEY, JOHN DUNN, GIOVANNI ORLANDO, EDWARD KENNEY, DONALD HENRY, BRIAN LABRIOLA, MARION FLETCHER, JOHN MCNEIL, WILLIAM M. FITZPATRICK, STEPHANIE ANN ROMANO, JOHN F. BOK, DEREK ROBERTS STEPHENS, and THE COMMONWEALTH OF MASSACHUSETTS, <br><br> Defendants. | CIVIL ACTION NO. 22-10012-FDS |

## ORDER

**SAYLOR, C.J.**

1. The motions of plaintiffs Demar Bey, Iyanga Bey and Sha'rajah Bey to proceed *in forma pauperis* are each DENIED without prejudice because they are incomplete and lack sufficient detail for this Court to determine whether they are eligible to proceed without payment of fees under 28 U.S.C. § 1915. Plaintiffs shall, by June 23, 2022, either (a) pay the $402 filing and administrative fee or (b) file renewed and complete motions to proceed *in forma pauperis* in compliance with 28 U.S.C. § 1915, including completed Form AO 240, or this action will be dismissed.

Each of the plaintiffs has indicated they have no income, assets, or expenses, but do not explain how they provide the basic necessities of life. Furthermore, each responded with the

abbreviation "N/A" to many of their responses.  Although the term "N/A" may, or may not, be an abbreviation for "not applicable," that is a presumption, and the use of this phrase is an inappropriate answer to the questions on the form.  Absent complete information, the Court is unable to assess whether each qualifies for *in forma pauperis* status under 28 U.S.C. § 1915.

Accordingly, each plaintiff must provide, as part of any motion, information demonstrating how they provide for the basic necessities of life.  They each must also report any support—monetary or otherwise—that each has received or will receive from other individuals or any organization.  *See, e.g., Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or 'can get' from those who ordinarily provide the applicant with the 'necessities of life,' such as 'from a spouse, parent, adult sibling or other next friend.'") (quoting *Williams v. Spencer*, 455 F. Supp. 205, 208-09 (D. Md. 1978)).

The clerk is directed to provide a copy of Form AO 240 to each of the plaintiffs.

2. The so-called "Third-Party Complaint" is STRUCK because it violates Rule 14(a) of the Federal Rules of Civil Procedure.  Here, the plaintiffs repeatedly claim to be "third party plaintiffs" and file a "third party complaint," using what appears to be an AO Form Pro Se 11. Although "[a]llegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers, . . . e]ven pro se pleadings must . . . follow procedural and substantive law."  *Cavitt v. Massachusetts Dept. of Corrections*, 512 F. Supp. 3d 149, 153 (D. Mass. 2021).  Plaintiffs appear to believe, erroneously, that they can bring a third-party complaint in this Court that derives from a state criminal matter.  *See* Compl. Section IIA (identifying apparent criminal charges).  Putting aside whether this action is even properly commenced, third-party civil practice in federal court may not be based on an underlying state

*criminal* action. *See Illinois v. Sadder-Bey*, 17-CV-4999, 2017 WL 2987159, at *4 (N.D. Ill. July 13, 2017) (observing but not ruling that a third-party complaint based upon a state criminal action ought *arguendo* be struck because "[a] criminal defendant does not have the right to file a third-party complaint in his [state] criminal matter."); Fed. R. Civ. P. 14(a) (1).[1] In other words, a third-party complaint must be brought by a civil defendant in an underlying civil action against a third party.

3.    Plaintiffs are nonetheless granted leave to file a complaint—not a third party complaint—that complies with the requirements of the Federal Rules of Civil Procedure, including Rules 8, 9, 10, and 11, by June 23, 2022, or this action will be dismissed.

4.    Failure to comply with this Order will likely result in the dismissal of this action. Summonses shall not issue absent further order of the Court.

**So Ordered.**

Dated:  June 3, 2022

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court

---

[1] As an initial matter, pursuant to Rule 3 of the Federal Rule of Civil Procedure, in general terms "[a] civil action is commenced by filing a *complaint* with the court." Fed. R. Civ. P. 3 (emphasis added). A third party complaint is not a complaint. See Fed R. Civ. P. 7(a) (defining "a complaint" and "a third party complaint" as separate pleadings).